UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHERYL KELLOGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 1:18-cv-2564 |
| BALL STATE UNIVERSITY d/b/a ) | |
| INDIANA ACADEMY FOR SCIENCE ) | |
| MATHEMATICS AND HUMANITIES, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case**

The plaintiff, Cheryl Kellogg, brings this action against her former employer, Ball State University d/b/a Indiana Academy for Science Mathematics and Humanities (hereinafter collectively referred to as "Defendant"), alleging that Defendant violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Equal Pay Act of 1963, 29 U.S.C.A. § 206 *et seq.*

**II.  Parties**

1. Kellogg has resided within the Southern District of the State of Indiana, Indianapolis Division, at all relevant times.

2. Defendant is located and conducts business within the Southern District of Indiana, Indianapolis Division, at all relevant times.

**III.  Jurisdiction and Venue**

3. Defendant is an "employer" within the meaning of 42 U.S.C. §2000e(b) and 29

1

U.S.C.A § 203.

4. Kellogg was an "employee" within the meaning of 42 U.S.C. §2000e(f) and 29 U.S.C.A. §203.

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. §2000e-5, and 29 U.S.C.A. §§ 216 and 217.

6. Kellogg satisfied her obligations to exhaust her administrative remedies and now timely files her lawsuit.

7. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391.

### IV.  Factual Allegations

8. Kellogg, a female, began working as a teacher for Defendant in or about 2007. In this position, Kellogg taught Biology, including instructing an Advanced Placement Biology course.

9. At all relevant times, Kellogg performed her job duties in a competent manner, meeting the reasonable expectations of Defendant.

10. During Kellogg's employment, Defendant required Plaintiff to perform the same or substantially the same job position as other male employees, requiring equal skill, effort, and responsibility under similar working conditions at the same establishment and paid Kellogg, at a rate of pay, including salary and bonus, less than such male employees.

11. Shortly after her employment began, Kellogg engaged in protected activity when she complained to her Division Chair, Tom Adams, that she was being subjected to disparate pay based on her sex and harassment based on her sex, including from the then-Vice Principal, Jeff Smith.

12. Defendant failed to properly investigate Kellogg's complaints or remedy the matter. In fact, Adams discouraged Kellogg from engaging in any further protected activity, warning her that such activity could lead to her termination.

13. Shortly thereafter, Kellogg reported to her Director of Residential Life, Dr. Vicki Barton, that she had contacted the Equal Employment Opportunity Commission to file a Charge of Discrimination alleging discrimination based on her sex.

14. Barton expressed frustration and anger toward Kellogg and discouraged her from pursuing her claims further; and she told Kellogg that she had informed Smith of her complaints against him.

15. Shortly thereafter, Defendant's retaliated against Kellogg by placing her on a Performance Improvement Plan.

16. In light of Defendant's retaliatory actions, Kellogg decided not to pursue her claims further, and she was removed from the Performance Improvement Plan.

17. In or about 2012, Defendant hired a male, Leslie McSparrin, as a Chemistry teacher, which duties included instructing an Advanced Placement Chemistry course.

18. Shortly after his hire, McSparrin began verbally harassing Kellogg and subjecting her to a hostile working environment.

19. Kellogg repeatedly complained to Defendant, including to Smith who had been promoted to Director of Academic Affairs, about McSparrin's behavior and reported that she was fearful for her personal health and safety.

20. Defendant failed to properly investigate Kellogg's complaints or remedy the matter and McSparrin continued to harass Kellogg with impunity.

21. In or about the fall of 2016, Kellogg engaged in protected conduct when she complained to Defendant that she was being subjected to disparate pay based on her sex. Specifically, Kellogg complained that she was being paid approximately 36% less than her male colleague, McSparrin.

22. In or about the spring of 2017, Defendant informed Kellogg that it would take no action to remedy the disparity in pay between her and her male colleague.

23. In May 2017, Kellogg again engaged in protected conduct when she complained that she was being subjected to disparate treatment and disparate pay on the basis of her sex and that she was being subjected to a hostile working environment.

24. In response to her complaint, Barton asked Kellogg if she intended to seek legal counsel in connection with her complaints; and whether she intended to seek legal advice within Defendant's operations or from outside legal counsel. Kellogg responded that if her complaints were not properly addressed, she would likely seek outside legal counsel.

25. Barton told Kellogg that it would schedule a meeting with her and McSparrin at the beginning of the following school year, August 2017, to address her concerns.

26. In August 2017, Kellogg was summoned to a meeting with Barton and Smith, but McSparrin was not present. Instead of addressing her concerns as previously promised, Kellogg was reprimanded for alleged poor performance.

27. In September 2017, Defendant disciplined Kellogg for alleged poor performance issues and threatened to terminate her employment.

28. In addition, at or around that same time, Defendant altered the terms and conditions of Kellogg's employment by taking away some of her duties and responsibilities,

reassigning her students to different teachers, and altering the curriculum of her program without consulting her.

29. On or about December 27, 2017, Kellogg engaged in protected conduct when she filed her Charge of Discrimination with the Equal Employment Opportunity Commission, alleging discrimination on the basis of her sex and retaliation for her engagement in protected activity.

30. Subsequent to her engagement in protected activity, Defendant subjected Kellogg to increased disparate treatment, hostile working environment, and retaliatory treatment.

31. In or about June 2018, Kellogg tendered her resignation to Defendant, constituting a constructive discharge.

32. Kellogg has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### SEX BASED PAY DISCRIMINATION – EQUAL PAY ACT

33. Kellogg hereby incorporates paragraphs 1 – 32 of her Complaint.

34. Defendant has engaged in patterns, practices, and/or policies of employment which discriminated against Plaintiff on the basis of her gender by paying her a lesser rate of pay, including salary and bonus, than that paid to male employees performing the same or substantially similar job duties which require equal skill, effort, and responsibility, and under the same working conditions and at the same establishment.

35. Kellogg has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits.

36. Defendant's unlawful actions against Kellogg were intentional, willful, and done in reckless disregard of Kellogg's rights as protected by the Equal Pay Act.

## COUNT II

## RETALIATION – EQUAL PAY ACT

37. Kellogg hereby incorporates paragraphs 1 - 36 of her Complaint.

38. The acts alleged above constitute retaliation for engagement in protected activity in violation of the Equal Pay Act.

39. Defendant failed and refused to apply the same standard to Kellogg as it has applied to similarly situated employees who have not engaged in protected activity.

40. Defendant took unlawful and retaliatory actions against Kellogg, including when it constructively terminated her employment.

41. Defendant's actions, as alleged above, were intentional, willful, and done in reckless disregard of Kellogg' rights as protected by the Equal Pay Act.

## COUNT III

## SEX DISCRIMINATION – TITLE VII

42. Kellogg hereby incorporates paragraphs 1 - 41 of her Complaint.

43. The acts alleged above constitute unlawful employment practices based on sex in violation of Title VII.

44. Defendant failed and refused to apply the same standard to Kellogg as it has applied to similarly situated, male employees.

45. Defendant took unlawful and discriminatory actions against Kellogg based on her sex, female, including when it constructively terminated her employment and by paying her less than her male counterparts.

46. Defendant's actions, as alleged above, deprived Kellogg of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

47. Defendant's stated reasons for its adverse actions against Kellogg serve only as a pretext to conceal its illegal motives.

48. Kellogg has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

49. Defendant's unlawful actions against Kellogg were intentional, willful, and done in reckless disregard of Kellogg's rights as protected by Title VII.

## COUNT IV

## HARASSMENT/HOSTILE WORK ENVIRONMENT – TITLE VII

50. Kellogg hereby incorporates paragraphs 1 - 49 of her Complaint.

51. The acts alleged above constitute unlawful employment practices based on sex in violation of Title VII.

52. Defendant subjected Kellogg to severe and/or pervasive harassment and a hostile working environment based on her sex, female.

53. Defendant's actions, as alleged above, deprived Kellogg of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

54. Defendant failed and refused to apply the same standard to Kellogg as it has applied to similarly situated, male employees.

55. Defendant's stated reasons for its adverse actions against Kellogg serve only as a pretext to conceal its illegal motives.

56. Kellogg has suffered damages as a result of Defendant's unlawful conduct, including mental anguish and emotional distress.

57. Defendant's unlawful actions against Kellogg were intentional, willful, and done in reckless disregard of Kellogg's rights as protected by Title VII.

## COUNT V

## RETALIATION – TITLE VII

58. Kellogg hereby incorporates paragraphs 1 - 57 of her Complaint.

59. The acts alleged above constitute retaliation for engagement in protected activity in violation of Title VII.

60. Defendant failed and refused to apply the same standard to Kellogg as it has applied to similarly situated employees who have not engaged in protected activity.

61. Defendant took unlawful and retaliatory actions against Kellogg, including when it constructively terminated her employment.

62. Defendant's actions, as alleged above, deprived Kellogg of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

63. Defendant failed and refused to apply the same standard to Kellogg as it has applied to similarly situated employees who have not engaged in protected activity.

64. Kellogg has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

65. Defendant's unlawful actions against Kellogg were intentional, willful, and done in reckless disregard of Kellogg' rights as protected by Title VII.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Cheryl Kellogg, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Kellogg to the same or similar position, salary, and seniority, or pay front pay and benefits to Kellogg in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Kellogg;

3. Defendant pay compensatory and punitive damages to Kellogg;

4. Defendant pay pre- and post-judgment interest to Kellogg;

5. Defendant pay Kellogg's attorneys' fees and costs incurred in litigating this action; and

6. Defendant be permanently enjoined from engaging in any employment policy or practice that violates the Equal Pay Act and Title VII; and

7. Defendant pay to Kellogg any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Cheryl Kellogg, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,


        *s/ Jason P. Cleveland*
        Jason P. Cleveland (24126-53)