## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHERYL KELLOGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:18-cv-02564-TAB-TWP |
| | ) | |
| BALL STATE UNIVERSITY d/b/a | ) | |
| INDIANA ACADEMY FOR SCIENCE | ) | |
| MATHEMATICS AND HUMANITIES, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

The plaintiff, Cheryl Kellogg, brings this action against her former employer, Ball State

University d/b/a Indiana Academy for Science Mathematics and Humanities (hereinafter referred

to as "Defendant"), alleging that Defendant violated her rights under Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Equal Pay Act of 1963, 29 U.S.C.A.

§ 206 *et seq.*

### II.  Parties

1.      Kellogg has resided within the Southern District of the State of Indiana,

Indianapolis Division, at all relevant times.

2.      Defendant is located and conducts business within the Southern District of

Indiana, Indianapolis Division, at all relevant times.

### III.  Jurisdiction and Venue

3.      Defendant, Ball State University d/b/a Indiana Academy for Science Mathematics

and Humanities is an "employer" within the meaning of 42 U.S.C. §2000e(b).

4. Kellogg was an "employee" within the meaning of 42 U.S.C. §2000e(f) and 29 U.S.C.A. §203.

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. §2000e-5, 29 U.S.C.A. §§ 216 and 217, and 28 U.S.C. § 1367.

6. Kellogg satisfied her obligations to exhaust her administrative remedies and now timely files her lawsuit.

7. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391.

### IV.  Factual Allegations

8. Kellogg, a female, began working as a teacher for Defendant in or about 2007.  In this position, Kellogg taught Biology, including instructing an Advanced Placement Biology course.

9. At all relevant times, Kellogg performed her job duties in a competent manner, meeting the reasonable expectations of Defendants, as evidenced by her receipt of awards and commendations.

10. During Kellogg's employment, Defendants required Plaintiff to perform the same or substantially the same job position as other male employees, requiring equal skill, effort, and responsibility under similar working conditions at the same establishment and paid Kellogg, at a rate of pay, including salary and bonus, less than such male employees.

11. Shortly after her employment began, Kellogg engaged in protected activity when she complained to her Division Chair, Tom Adams, that she was being subjected to disparate pay based on her sex.

12.     Defendant failed to properly investigate Kellogg's complaints or remedy the matter.  In fact, Adams discouraged Kellogg from engaging in any further protected activity, warning her that such activity could lead to her termination.

13.     Shortly thereafter, Kellogg reported to her Director of Residential Life, Dr. Vicki Barton, that she had contacted the Equal Employment Opportunity Commission to file a Charge of Discrimination alleging discrimination on the basis of her sex.

14.     Barton expressed frustration and anger toward Kellogg and discouraged her from pursuing her claims further.

15.     In or about 2012, Defendant hired a male, Leslie McSparrin, as a Chemistry teacher, with duties including instruction of an Advanced Placement Chemistry course.

16.     In or about the fall of 2016, Kellogg engaged in protected conduct when she complained to Defendant that she was being subjected to disparate pay based on her sex. Specifically, Kellogg complained that she was being paid approximately 36% less than her male colleague, McSparrin.

17.     In or about the spring of 2017, Defendant informed Kellogg that it would take no action to remedy the disparity in pay between her and her male colleague.

18.     In May 2017, Kellogg again engaged in protected conduct when she complained that she was being subjected to disparate treatment and disparate pay on the basis of her sex.

19.     Barton told Kellogg that it would schedule a meeting with her and McSparrin at the beginning of the following school year, August 2017, to address her concerns.

20.     In August 2017, Kellogg was summoned to a meeting with Barton and Smith, but McSparrin was not present.  Instead of addressing her concerns as previously promised, Kellogg was reprimanded.

21.     In September 2017, Defendant disciplined Kellogg for alleged performance issues and threatened to terminate her employment.

22.     In addition, at or around that same time, Defendant altered the terms and conditions of Kellogg's employment by taking away some of her duties and responsibilities, reassigning her students to different teachers, and altering the curriculum of her program without consulting her.

23.     On or about December 27, 2017, Kellogg engaged in protected conduct when she filed her Charge of Discrimination with the Equal Employment Opportunity Commission, alleging discrimination on the basis of her sex.

24.     Defendant took no action to remedy the disparity in pay between her and her male colleague.

25.     Kellogg has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### SEX DISCRIMINATION – TITLE VII

26.     Kellogg hereby incorporates paragraphs 1 - 25 of her Complaint.

27.     The acts alleged above constitute unlawful employment practices based on sex in violation of Title VII.

28.     Defendants failed and refused to apply the same standard to Kellogg as were applied to similarly situated, male employees.

29.     Defendants took unlawful and discriminatory actions against Kellogg based on her sex, female, by paying her a lesser rate of pay, including salary and bonus, than that paid to male employees performing the same or substantially similar job duties which require equal skill, effort, and responsibility, and under the same working conditions and at the same establishment.

30.     Defendants' actions, as alleged above, deprived Kellogg of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

31.     Defendants' stated reasons for its adverse actions against Kellogg serve only as a pretext to conceal its illegal motives.

32.     Kellogg has suffered damages as a result of Defendants' unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

33.     Defendant's unlawful actions against Kellogg were intentional, willful, and done in reckless disregard of Kellogg' rights as protected by Title VII.

## COUNT II

## SEX BASED PAY DISCRIMINATION – EQUAL PAY ACT

34.     Kellogg hereby incorporates paragraphs 1 - 33 of her Complaint.

35.     Defendants have engaged in patterns, practices, and/or policies of employment which discriminated against Plaintiff on the basis of her gender by paying her a lesser rate of pay, including salary and bonus than it paid to male employees performing the same or substantially similar job duties which require equal skill, effort, and responsibility, and under the same working conditions and at the same establishment.

36. Kellogg has suffered damages as a result of Defendants' unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

37. Defendants' unlawful actions against Kellogg were intentional, willful, and done in reckless disregard of Kellogg's rights as protected by the Equal Pay Act.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Cheryl Kellogg, by counsel, respectfully requests the following:

1. Kellogg seeks to enjoin Defendants from engaging in or continuing practices, policies, or customs that violate the Equal Pay Act and/or Title VII;

2. Kellogg also seeks those remedies available under her other claims against Defendant Ball State University d/b/a Indiana Academy for Science Mathematics and Humanities, including the following:

    a.    Defendant pay lost wages and benefits to Kellogg;

    b.    Defendant pay compensatory and punitive damages to Kellogg;

    c.    Defendant pay pre- and post-judgment interest to Kellogg;

    d.    Defendant pay Kellogg's attorneys' fees and costs incurred in litigating this action; and

    e.    Defendant be permanently enjoined from engaging in any employment policy or practice that violates Title VII and the Equal Pay Act; and

    f.    Defendant pay to Kellogg any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


*s/ Eric J. Hartz*
Jason P. Cleveland (24126-53)
Eric J. Hartz (29676-49)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com
        eric@clcattorneys.com


## DEMAND FOR JURY TRIAL

The Plaintiff, Cheryl Kellogg, by counsel, respectfully requests a jury trial as to all issues

deemed so triable.

Respectfully submitted,


*s/ Eric J. Hartz*
Eric J. Hartz (29676-49)